UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TAKEHIRO MITAMURA, | ) | Case No.: 2:10-cv-01709-GMN-RJJ |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| JOYCE LOZOW, an individual, and DOES 1-10, inclusive, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**INTRODUCTION**

Before the Court is Plaintiff's *ex parte* Motion for Injunctive Relief and Temporary Restraining Order ("TRO") (ECF No. 2). Plaintiff seeks a stay of the foreclosure sale of his property.

The Court has considered the pleadings and arguments offered by the Plaintiff. IT IS HEREBY ORDERED THAT Plaintiff's Motion for Injunctive Relief and a Temporary Restraining Order (ECF No. 2) is DENIED.

**BACKGROUND**

This case arises from the foreclosure sale of Plaintiff's property. Plaintiff, Takehiro Mitamura, purchased property located at 5412 La Patera Lane, Las Vegas, Nevada, 89104 (the "Property") on or about November 29, 2004 from Defendant, Joyce Lozow. Plaintiff made a down payment of 10% of the purchase price and Lozow agreed to personally finance the balance of the price. (*In re: Takehiro Mitamur*, No. BK-10-10006-bam, # 31). Plaintiff defaulted on his payment due on June 1, 2009. (*Id.*). Defendant contacted Ticor Title of Nevada, Inc., the Trustee identified within Plaintiff's Deed of Trust, to commence foreclosure proceedings. (*Id.*). Notices of Default were recorded and served by the Trustee on or about August 12, 2009 and August 31,

2009. (*Id.*). Plaintiff did not respond to these notifications and a Notice of Trustee's Sale was recorded on December 10, 2009. (*Id.*).

Plaintiff filed Chapter 13 Bankruptcy on January 4, 2010, thus placing an automatic stay on the foreclosure proceedings. (*In re: Takehiro Mitamur*, No. BK-10-10006-bam, # 1). On January 6, 2010 the case was converted to a Chapter 7 proceeding. (*In re: Takehiro Mitamur*, No. BK-10-10006-bam, # 10). Defendant motioned the Bankruptcy Court for an order granting her relief from the automatic stay pursuant to 11 U.S.C. §§362(a) and (d), and F.R.Bankr.P. 4001 and 9014, to permit Defendant to complete foreclosure proceedings with regard to her first priority deed of trust on the Property. (*In re: Takehiro Mitamur*, No. BK-10-10006-bam, # 31). The Bankruptcy Court granted Defendant's relief from the automatic stay on June 1, 2010, to immediately exercise all available rights and remedies she may have with respect to the Property and ordered that relief shall be effective upon entry and not subject to the fourteen day stay provided for under §4001(a)(3) of the Bankruptcy Rules. (*In re: Takehiro Mitamur*, No. BK-10-10006-bam, # 37).

Plaintiff was granted a discharge under Section 727 of Title 11, United States Code on April 4, 2010. (*In re: Takehiro Mitamur*, No. BK-10-10006-bam, # 28). Plaintiff conveyed the deed to the Property to Edna Franco on May 20, 2010 and it was recorded in Clark County. (Complaint, Ex. A, ECF No. 1). Plaintiff conveyed the Property to Ms. Franco for payment on a Promissory Note dated March 22, 2010 and recorded on June 28, 2010, for which the Plaintiff received a principle amount of $10,000. (Complaint, Ex. B, ECF No. 1). It is Plaintiff's contention that because he transferred the deed to the property to Ms. Franco the Defendant no longer has a legal right to foreclose on the property.[1] The Trustee foreclosed on the Property on June 25, 2010. (Complaint pg. 2, ECF No. 1).

---

[1] From the minutes of Justice Court Case No. 10C023084 it appears that the Defendant is trying to evict Plaintiff from the premises in order to sell the property. Plaintiff argues that he is legally entitled to be there because he has a lease agreement with Ms. Franco.

# DISCUSSION

**A.      Legal Standard**

Under Fed. R. Civ. P. 65(b), plaintiff must make a showing that immediate and irreparable injury, loss or damage will result to plaintiff if the order is not issued to support their motion for a temporary restraining order.  Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order.").  The standard for obtaining *ex parte* relief under Rule 65 is very stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).   The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

1 The Supreme Court recently reiterated, however, that a plaintiff seeking an injunction
2 must demonstrate that irreparable harm is "*likely*," not just possible. *Winter v. NRDC*, 129 S. Ct.
3 365, 37476 (2008) (rejecting the Ninth Circuits alternative "sliding scale" test).  The Ninth
4 Circuit has explicitly recognized that its "possibility" test was "definitively refuted" by *Winter*,
5 and that "[t]he proper legal standard for preliminary injunctive relief requires a party to
6 demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm
7 in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
8 injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.
9 2009) (quoting *Winter*, 129 S. Ct. at 374) (reversing a district court's use of the Ninth Circuit's
10 pre-*Winter*, "sliding-scale" standard and remanding for application of the proper standard).

11 A recent Ninth Circuit ruling relying largely on the dissenting opinion in *Winter* parsed
12 the language of *Winter* and subsequent Ninth Circuit rulings and ruled that the sliding scale test
13 remains viable when there is a lesser showing of likelihood of success on the merits amounting
14 to "serious questions," but not when there is a lesser showing of likelihood of irreparable harm.
15 *See Alliance for the Wild Rockies v. Cottrell*, No. 09-35756, 2010 WL 2926463, at *5–7 (9th Cir.
16 July 28, 2010).  As a preliminary matter, to the extent this interpretation of *Winter* is inconsistent
17 with that in *Selecky*, *Selecky* controls. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003)
18 (en banc) (holding that, in the absence of an intervening Supreme Court decision, only the en
19 banc court may overrule a decision by a three-judge panel).  In any case, the Supreme Court has
20 made clear that a movant must show both "that he is *likely* to succeed on the merits [and] that he
21 is *likely* to suffer irreparable harm in the absence of preliminary relief . . . ." *Winter*, 129 S. Ct. at
22 374 (citing *Munaf v. Geren,* 128 S. Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell,* 480
23 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311–12 (1982)) (emphases
24 added).  To satisfy *Winter*, the movant must show that he is "likely" to succeed on the merits.  To
25 the extent the *Cottrell* court meant to imply that its "serious questions" standard was a lesser

standard than "likely," it is inconsistent with *Winter* and *Selecky*. The Court must reconcile the cases by interpreting the *Cottrell* "serious questions" requirement to be in harmony with the *Winter*/*Selecky* "likelihood" standard, not as being in competition with it. The movant must therefore show that there are serious questions as to the merits of the case such that success on the merits is likely. A claim can be weaker on the merits if it raises "serious questions" and the amount of harm the injunction will prevent is very great, but the chance of success on the merits cannot be weaker than "likely."

**B.     TRO Motion**

Plaintiff's request for injunctive relief and temporary restraining order fails to provide this court with any indication of Plaintiff's likelihood of success or the irreparable harm that will be suffered by the Plaintiff. A review of Plaintiff's pleadings, similarly, does not show how Plaintiff will "likely" be successful on his claim. Plaintiff claims that the motion from the relief of stay in Bankruptcy Court is not appropriate because Defendant knew that Plaintiff was no longer the owner of the property. Plaintiff's claim is not factually correct. Defendant filed the motion for relief from the automatic stay in Bankruptcy Court on April 13, 2010, long before Plaintiff conveyed the property to Ms. Franco on May 20, 2010. (See *In re: Takehiro Mitamur*, No. BK-10-10006-bam). Plaintiff could have petitioned the Bankruptcy Court to deny the relief from stay or challenge the foreclosure during the Bankruptcy proceedings, but failed to do so. Next, Plaintiff claims that the Defendant is supposed to notify Ms. Franco of the foreclosure sale as she is the legal owner, but fails to provide any evidence that Ms. Franco was not notified. Plaintiff's Exhibit A shows that a Notice of Trustee Sale was recorded on 12/10/2009, 4/2/2010 and 6/3/2010. The first two notices put Ms. Franco on notice that foreclosure proceedings were pending on the property before she obtained legal title to the property and the third notice similarly gives Ms. Franco notice of an impending action against the Property. Either way, if Ms. Franco was the record owner of the property when the foreclosure took place, then it is Ms.

1  Franco's cause of action now.  Thus, the Plaintiff has failed to show that he will likely succeed
2  on the merits.
3       Accordingly, Plaintiff has also not shown how he will be irreparably harmed if a
4  preliminary injunction and temporary restraining order are not granted.  Plaintiff's argument that
5  he conveyed the property to Ms. Franco actually cuts against the harm that would be caused by
6  the foreclosure proceeding.  If Plaintiff no longer holds legal title to the property he cannot claim
7  that property will be taken from him if a temporary restraining order is not instituted.
8       It is Plaintiff's burden to satisfy the Ninth Circuit's four part test for a TRO. *See Taylor*
9  488 F.3d at 1200.  As discussed above Plaintiff's scarce briefing of factors one and two do not lie
10 in his favor.  Furthermore, Plaintiff has not briefed factors three and four at all.  The Court will
11 not make inferences for the Plaintiff and thus finds that these two factors do not establish the
12 proof necessary to issue a TRO.  Accordingly, the Court denies Plaintiff's TRO motion.

13 **C.     Ex Parte Relief**

14      Local Rule 7-5 states, "[a]ll ex parte motions applications or requests shall contain a
15 statement showing good cause why the matter was submitted to the court without notice to all
16 parties, [and][a]ll ex parte matters shall state the efforts made to obtain a stipulation and why a
17 stipulation was not obtained." The standard for obtaining ex parte relief under Rule 65 is very
18 stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir.2006). The Court will
19 only issue an ex parte TRO where it appears there would be an irreparable injury before the
20 responding party can be heard. Fed.R.Civ.P. 65(b)(1)(A).  Rule 65's stringent restrictions on ex
21 parte relief "reflect the fact that our entire jurisprudence runs counter to the notion of court action
22 taken before reasonable notice and an opportunity to be heard has been granted both sides of a
23 dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423,
24 438-39 (1974).
25      Plaintiff has given no reason, let alone demonstrated "good cause why" this matter was

submitted to the court without notice to all parties under Local Rule 7-5(a)'s requirement. Therefore, the Court finds that the Plaintiff has not met his burden in submitting the filing under *ex parte* seal. Accordingly, the Court hereby orders the Clerk of the Court to unseal the documents filed *ex parte*.

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Injunctive Relief and a Temporary Restraining Order (ECF No. 2) is DENIED.

IT IS FUTHER ORDERED that the Clerk of the Court shall unseal this *ex parte* motion as Plaintiff has failed to comply with the requirements of Local Rule 7-5.

DATED this 6th day of October, 2010.

_____
Gloria M. Navarro
United States District Judge