UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TAKEHIRO MITAMURA, | ) | Case No.: 2:10-cv-01709-GMN-RJJ |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| JOYCE LOZOW, an individual, | ) | |
| and DOES 1-10, inclusive, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Before the Court is Defendant's Motion to Dismiss and for the Expungement of *Lis Pendens* (ECF No. 9). Plaintiff did not file a response to Defendant's Motion, failed to request an extension of time to respond to the motion to dismiss and failed to request an opportunity to amend his Complaint.

The Court has considered the pleadings and arguments offered by the Defendant. IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 9) is GRANTED.

## BACKGROUND

This case arises from the foreclosure sale of Plaintiff's property. Plaintiff, Takehiro Mitamura, purchased property located at 5412 La Patera Lane, Las Vegas, Nevada, 89104 (the "Property") on or about November 29, 2004 from Defendant, Joyce Lozow. The purchase price of the property was $249,500.00. Plaintiff made a down payment of ten (10%) percent of the purchase price and Lozow agreed to personally finance the balance of the price. (*In re: Takeehiro Mitamura*, No. BK-10-10006-bam, # 31). The promissory note for the property required monthly principal and interest

payments continuing until November 30, 2010, at which time all unpaid principal and interest would become due. Plaintiff defaulted on his payment due on June 1, 2009. (*Id.*). Defendant contacted Ticor Title of Nevada, Inc., the Trustee identified within Plaintiff's Deed of Trust, to commence foreclosure proceedings. (*Id.*). Notices of Default were recorded and served by the Trustee on or about August 12, 2009 and August 31, 2009. (*Id.*). Plaintiff did not respond to these notifications and a Notice of Trustee's Sale was recorded on December 10, 2009. (*Id.*).

Plaintiff filed Chapter 13 Bankruptcy on January 4, 2010, thus placing an automatic stay on the foreclosure proceedings. (*In re: Takeehiro Mitamura*, No. BK-10-10006-bam, # 1). On January 6, 2010 the case was converted to a Chapter 7 proceeding. (*In re: Takeehiro Mitamura*, No. BK-10-10006-bam, # 10). Defendant motioned the Bankruptcy Court for an order granting her relief from the automatic stay pursuant to 11 U.S.C. §§362(a) and (d), and F.R.Bankr.P. 4001 and 9014, to permit Defendant to complete foreclosure proceedings with regard to her first priority deed of trust on the Property. (*In re: Takeehiro Mitamura*, No. BK-10-10006-bam, # 31). The Bankruptcy Court granted Defendant's relief from the automatic stay on June 1, 2010, to immediately exercise all available rights and remedies she may have with respect to the Property and ordered that relief shall be effective upon entry and not subject to the fourteen day stay provided for under §4001(a)(3) of the Bankruptcy Rules. (*In re: Takeehiro Mitamura*, No. BK-10-10006-bam, # 37).

Plaintiff was granted a discharge under section 727 of title 11, United States Code on April 4, 2010. (*In re: Takeehiro Mitamura*, No. BK-10-10006-bam, # 28). Plaintiff conveyed the deed to the Property to Edna Franco on May 21, 2010 and it was recorded in Clark County. (Complaint, Ex. A, ECF No. 1). Plaintiff conveyed the Property to Edna Franco for payment on a Promissory Note dated March 22, 2010 and recorded on

June 28, 2010, for which the Plaintiff received a principal amount of $10,000.00. (Complaint, Ex. B, ECF No. 1). It is Plaintiff's contention that because he transferred the deed to the property to Edna Franco the Defendant no longer has a legal right to foreclose on the property. The Trustee foreclosed on the Property on June 25, 2010. (Complaint pg. 2, ECF No. 1). On July 12, 2010 a Trustee's Deed Upon Sale was duly recorded by Ticor Title, reflecting that the Property had revested in Defendant.

    Plaintiff was served a Three Day Notice to Quit in furtherance of the provisions of NRS 40.255(1)(c). Plaintiff refused to vacate the Property and Defendant filed a Complaint for Unlawful Detainer in the Las Vegas Township Justice Court. An Order to Show Cause Hearing was held in the Justice Court on September 22, 2010. The Justice Court ordered an issuance of Temporary Writ of Restitution and gave Plaintiff until October 6, 2010 to vacate the Property. Plaintiff was finally removed from the Property on October 7, 2010 following this Court's denial of Plaintiff's *ex parte* motion for a Temporary Restraining Order and Injunctive Relief. (ECF No. 8). Defendant filed the instant motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 9). Plaintiff failed to respond to Defendant's motion.

## DISCUSSION

**A.  Legal Standard**

    Pursuant to Local Rule of Practice 7-2 the failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion. However, before dismissing an action for noncompliance with a local rule, the district court is required to weigh (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

of less drastic sanctions. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). If district court does not consider these factors explicitly, the appellate court reviews the record independently to determine whether the district court abused its discretion. *Id.* at 54.

**B.     Analysis**

Here the factors listed weigh in favor of dismissal. The first two factors, the public's interest in expeditious resolution of litigation and the court's need to manage its docket weighs strongly in favor of dismissal. The third factor, Defendant's interest in resolving this matter also leans towards dismissal. Plaintiff has tried to evade the foreclosure proceedings for over a year, while Defendant has been forced to litigate this matter in Bankruptcy Court, Justice Court and Federal Court. Now, as Plaintiff has vacated the Property, Defendant is simply trying to conclude her affairs with Plaintiff by filing this motion to dismiss. Plaintiff's failure to respond to Defendant's Motion to Dismiss is taken as a sign that Plaintiff has surrendered his effort to evade or vacate the foreclosure proceedings against his former property.

There is the availably of a less drastic sanction, which would be to allow Plaintiff an extension of time to respond to the Motion to Dismiss or to amend his complaint. However, neither request has been made by the Plaintiff, and given the procedural history of this case, the Court does not believe that Plaintiff would respond to the opportunity. Defendant filed her motion to dismiss on October 12, 2010, nearly three months ago. Plaintiff had ample opportunity to petition the court for additional time to respond to the motion. The Court may not allow Plaintiff to continue to litigate this matter when Plaintiff has shown no signs of willingness to see this matter come to an amicable resolution based on the law and instead appears to only be using the court as a means to postpone, delay and obstruct a foreclosure in which Plaintiff no longer has any interest. (*See* Complaint pg. 2, ECF No. 1). As such, these four (4) factors weigh in favor of

dismissal and outweigh the public policy favoring disposition of cases on their merits.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 9) is GRANTED and the Notice of Lis Pendens (ECF No. 3) filed herein is expunged.

DATED this 11th day of January, 2011.

_____
Gloria M. Navarro
United States District Judge